**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

ROBERT M. GRENIER and GERTRUDE A. GRENIER,

        Debtors,

        Civil Case No. 09-14011

        Bankruptcy Case No. 08-69651
        Adversary Proceeding No. 09-4351

CRAIG R. NEHASIL, DONNA E. NEHASIL, and DONNA E. NEHASIL, as Next Friend of RICHARD J. NEHASIL and TIMOTHY R. NEHASIL and CHRISTOPHER P. NEHASIL,

        HON. MARIANNE O. BATTANI

        Plaintiffs/Appellees,

v.

ROBERT M. GRENIER and GERTRUDE A. GRENIER,

        Defendants/Appellants.

_____/

## OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT AND DENYING BOTH APPELLANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL AND APPELLANTS' MOTION FOR AN EXPEDITED HEARING ON THE MOTION FOR STAY

**I. INTRODUCTION**

This matter is before the Court on Defendants' appeal of the Bankruptcy Court's "Order Denying Defendants' Motion to Dismiss for Failure to State a Claim" (Bankr. Doc. No. 33), and "Order Granting Plaintiffs' Motion for Summary Judgment" (Bankr. Doc. No. 34). For the reasons that follow, the Bankruptcy Court's Orders shall be, and

hereby are, **AFFIRMED**.  In addition, Defendants recently filed an "Emergency Motion for Stay Pending Appeal" and a "Motion for Expedited Hearing on Emergency Motion for Stay Pending Appeal."  (Docs. 10, 11).  As the appeal is no longer pending, these motions are **DENIED AS MOOT**.

II.     STATEMENT OF FACTS

On December 3, 2008, Defendants filed a Chapter 7 bankruptcy petition with the Eastern District of Michigan Bankruptcy Court.  Subsequently, on February 27, 2009, Plaintiffs filed an adversary "Complaint to Determine Dischargeability of Indebtedness." The Complaint alleges that a judgment in Wayne County Circuit Court was entered in favor of Plaintiffs against Defendants for $294,563.74.  This award was the result of a jury finding that Defendants had defrauded Plaintiffs.  The Complaint concludes that this award is not dischargeable in bankruptcy, under 11 U.S.C. § 523(a).

On August 14, 2009, Defendants' filed a Motion to Dismiss Plaintiffs' Complaint. In the brief in support of their motion, Defendants argue that Plaintiffs' Complaint failed to allege fraud with particularity because it merely alleges that a judgment for fraud was entered against Defendants in Wayne County Circuit Court.  Also, 11 U.S.C. § 523 required Plaintiffs to allege not only fraud, but also that Defendants obtained a benefit as a result of the fraud.  Additionally, Defendants contend that a judgment for fraud in state court is not conclusive evidence that a debt is nondischargeable in bankruptcy court.

Shortly thereafter, Plaintiffs filed a "Motion for Summary Judgment Determining Plaintiffs' State Court Judgment Non-Dischargeable under 11 USC 523." In their brief in support of the motion, Plaintiffs argue that Defendants are collaterally estopped from challenging the state court fraud determination in the bankruptcy proceeding.

Defendants responded to Plaintiffs' Motion for Summary Judgment and argued that the state court's jury findings do not satisfy the elements required to state a cause of action for fraud in bankruptcy court. In particular, the jury only concluded that the debtor either knew the representation was false or was made with recklessness to its truth; in bankruptcy court, however, the standard is gross recklessness instead of recklessness.

The Bankruptcy Court held a hearing on these motions during which it denied Defendants' Motion to Dismiss and granted Plaintiffs' Motion for Summary Judgment. In ruling on Defendants' Motion to Dismiss, the court noted that the Complaint clearly refers and relates to a state court fraud judgment against Defendants. Furthermore, the court found that it was clear from the Complaint that Plaintiffs were asserting that this judgment was nondischargeable pursuant to 11 U.S.C. § 523(a) based on a theory of collateral estoppel. The court found that where, as here, "plaintiff and defendants have fully litigated the fraud issue in state court and the jury rendered a verdict against the defendants, a reference to the state court action is sufficient notice to the defendants of the nature of plaintiff's fraud claim in this nondischargeability action."

The court then proceeded to grant Plaintiffs' Motion for Summary Judgment. The court noted that fraud under 11 U.S.C. § 523(a)(2)(A) was a generic term lacking a definite and invariable definition. As such, the court found unpersuasive Defendants'

3

argument that collateral estoppel did not apply because the state court jury failed to find *gross* recklessness, as required under 11 U.S.C. § 523(a)(2)(A). In particular, the court concluded that a finding of recklessness, as opposed to gross recklessness, was sufficient under 11 U.S.C. § 523(a)(2)(A). Thus, the state court jury's finding of fraud was sufficient under the statute. This appeal followed.

### III. STANDARD OF REVIEW

This Court will review the Bankruptcy Court's denial of a motion to dismiss de novo. See Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). With regard to a motion for summary judgment, the Court will review the Bankruptcy Court's factual findings for clear error and its legal conclusions de novo. See Stevenson v. J.C. Bradford & Company, 277 F.3d 838, 849 (6th Cir. 2002).

### IV. ANALYSIS

A.  Defendants' Motion to Dismiss.

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a Complaint that fails "to state a claim upon which relief may be granted." "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true." Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996). Thus, when faced with a Rule 12(b)(6) motion to dismiss, a court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true[.]" Allard v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993). To defeat a motion to dismiss, "a complaint must contain either direct or inferential

4

allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (quotation omitted).

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires that the factual allegations in a complaint be sufficient to give the defendant notice of what claims are alleged. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted). As the Supreme Court more recently stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). Under Federal Rule of Civil Procedure 9(b), however, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

5

In this case, Defendants contend that the Complaint is deficient because it (1) only refers to the state court fraud judgment without setting forth any of the specifics of the fraud, and (2) only cites to § 523(a) generally without specifically referencing any of its nineteen subsections.

Plaintiffs' Complaint stated the following in paragraph 5:

> The Plaintiffs' claim against Defendants arose as follows: On May 17, 2004, the Circuit Court for the County of Wayne, Civil Division, Case No. 02-204212-N . . . entered a Judgment in favor of Plaintiffs and against Defendants in the aggregate amount of $294,563.74 in damages following a jury verdict and award of taxable costs. The nature of the action involved allegations of fraud engaged in by the defendants/debtors and perpetrated upon the Plaintiffs/Nehasils. The jury found for the Nehasils on the allegation of fraud. . . .

The Complaint goes on to discuss allegations concerning Plaintiffs' attempts to collect this judgment and concludes in paragraph 17 that, "[p]laintiffs' claim is excepted from discharge in bankruptcy pursuant to 11 U.S.C. § 523(a)."

Under 11 U.S.C. § 523(a)(2)(A), a debt is not dischargeable if it is for "money . . . obtained by . . . false pretenses, a false representation, or actual fraud[.]"

The Court agrees with the Bankruptcy Court's conclusion that although Plaintiffs' Complaint is "not a model of clear and concise pleading, [it] meets the fundamental requirements of the federal rules." Plaintiffs' Complaint specifically refers to the fact that their claim derives from a state court fraud judgment against Defendants. As Plaintiffs and Defendants fully tried the fraud allegations to a jury in the state court proceeding, there is no reason that this reference to the state court fraud judgment would not have provided the Defendants with a full understanding of Plaintiffs' fraud allegations. Although Rule 9(b) states that the circumstances of a fraud must be alleged with

6

particularity, the Rule has the "broad purpose of ensuring that a defendant is provided with at least the minimum degree of detail necessary to begin a competent defense." United States ex rel. Snapp, Inc. v. Ford Motor Co., 532 F.3d 496, 504 (6th Cir. 2008). Therefore, "[s]o long as a relator pleads sufficient detail–in terms of time, place and content, the nature of a defendant's fraudulent scheme, and the injury resulting from the fraud–to allow the defendant to prepare a responsive pleading, the requirements of Rule 9(b) will generally be met." Id. In this case, the Complaint's reference to the state court fraud judgment provided Defendants with sufficient detail concerning the fraud to allow them to prepare a responsive pleading. Accordingly, this does not provide a basis for dismissing the Complaint. See id.

Likewise, Plaintiffs' failure to cite to a specific subsection of 11 U.S.C. § 523(a) may be an example of imprecise pleading, but it does not require dismissal of the Complaint. The focus of Plaintiffs' entire Complaint was the state court fraud judgment and Plaintiffs' attempts to recover that judgment. As such, it was reasonably clear from the Complaint that Plaintiffs' were seeking to render the debt nondischargeable under § 523(a)(2)(A), which applies to debts for money obtained by fraud.

Defendants also argue that Plaintiffs' Complaint is insufficient because it does not allege that Defendants' obtained money as a result of the fraud, which is required for a debt to be nondischargeable under 11 U.S.C. § 523(a)(2)(A). Plaintiffs' Complaint adequately alleged that Defendants obtained money from the fraud, however, by asserting that the fraud judgment satisfied 11 U.S.C. § 523(a), which, pursuant to § 523(a)(2)(A), *requires* that the defendant have obtained money from the fraud.

Accordingly, the Court affirms the Bankruptcy Court's denial of Defendants' Motion to Dismiss.

B.     Plaintiffs' Motion for Summary Judgment.

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party."  Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).

In determining whether a state court judgment will be given preclusive effect in a federal proceeding, federal courts look to the state court's collateral estoppel rules.  See Haring v. Prosise, 462 U.S. 306, 314 (1983).  In Michigan,

> Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based upon a different cause of action.  In order for collateral estoppel to apply, the same ultimate issues underlying the first action must be involved in the second action. The parties must also have had a full opportunity to litigate the ultimate issues in the former action.

Knoblauch v. Kenyon, 415 N.W.2d 286, 288 (Mich. Ct. App. 1987) (citations omitted).

Defendants argue that collateral estoppel should not have been applied because there are issues involving nondischargeability under § 523(a)(2)(A) that were not

8

actually litigated and determined in the state court proceeding.  In particular, Defendants contend that the state court judgment did not include a determination as to whether Defendants knew that a material misrepresentation was false or made with *gross* recklessness as to its truth because fraud judgment in Michigan only requires a finding of recklessness.

In order to establish fraud in Michigan, the following six elements must be established:

(1) That defendant made a material representation;

(2) that it was false;

(3) that when he made it he knew that it was false, or made it *recklessly*, without any knowledge of its truth and as a positive assertion;

(4) that he made it with the intention that it should be acted upon by plaintiff;

(5) that plaintiff acted in reliance upon it; and

(6) that he thereby suffered injury.

Johnson v. Wausau Ins. Co., 769 N.W.2d 755, 759 (Mich. Ct. App. 2009) (emphasis added).

> In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with *gross recklessness* as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

Rembert v. AT&T Universal Card Servs., Inc., 141 F.3d 277, 280-81 (6th Cir. 1998) (footnote and citation omitted and emphasis added).

Defendants contend that because Michigan only requires a finding of recklessness, the state court judgment does not show that Defendants acted with gross

9

recklessness, which the Sixth Circuit has indicated is required for a finding of fraud under § 543(a)(2)(A).  However, as courts addressing § 543(a)(2)(A) have noted,

> Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated.

McClellan v. Cantrell, 217 F.3d 890, 893 (7th Cir. 2000).  As such, courts have found a Michigan judgment of fraud to be a sufficient determination of actual fraud under § 523(a)(2)(A), and this Court agrees.  See, e.g., Transnational Title Ins. Co. v. Livingston, 389 B.R. 1, 5 (E.D. Mich. 2008); Building Communications, Inc. v. Rahaim, 324 B.R. 29, 36 (Bankr. E.D. Mich. 2005).  Accordingly, the Court affirms the Bankruptcy Court's determination that, based on the doctrine of collateral estoppel, the debt owed to Plaintiffs pursuant to the state court fraud judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

## V. CONCLUSION

For the reasons discussed above, the Bankruptcy Court's Orders denying Defendants' Motion to Dismiss and granting Plaintiffs' Motion for Summary Judgment are both **AFFIRMED**.  In addition, Defendants' Emergency Motion for Stay Pending Appeal and Motion for an Expedited Hearing on the Emergency Motion are both **DENIED AS MOOT.**

**IT IS SO ORDERED.**

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

DATED: June 17, 2010


**CERTIFICATE OF SERVICE**

     Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

                                                s/Bernadette M. Thebolt
                                                  Case Manager