**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

In re:

ROBERT M. GRENIER and GERTRUDE A. GRENIER,

        Debtors,

_____

CRAIG R. NEHASIL, DONNA E. NEHASIL, and DONNA E. NEHASIL, as Next Friend of RICHARD J. NEHASIL and TIMOTHY R. NEHASIL and CHRISTOPHER P. NEHASIL,

        Plaintiffs/Appellees,

v.

ROBERT M. GRENIER and GERTRUDE A. GRENIER,

        Defendants/Appellants.

_____/

Civil Case No. 09-14011

Bankruptcy Case No. 08-69651
Adversary Proceeding No. 09-4351

HON. MARIANNE O. BATTANI

## **ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

Before the Court is Defendants' Motion for Reconsideration. (Doc. 15). In their motion, Defendants ask this Court to reconsider its opinion and order affirming the bankruptcy court's denial of their Motion to Dismiss and grant of Plaintiffs' Motion for Summary Judgment. (See doc. 14). In particular, Defendants contend that this Court's earlier order contained a palpable defect because the Wayne County Circuit Court jury's finding that the Defendants did not benefit from Plaintiffs' loss precludes a finding of nondischargeability under 11 U.S.C. § 523(a)(2)(A) and, thus, precludes granting

summary judgment to Plaintiffs.[1] For the reasons discussed below, the Court denies Defendants' Motion for Reconsideration.

Pursuant to E.D. Mich. LR 7.1(g)(3), a movant may obtain relief through a motion for reconsideration if it demonstrates that (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. A "palpable defect" is an error "which is obvious, clear, unmistakable, manifest, or plain." Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001).

It is well-established that an argument raised for the first time on appeal will not be considered unless the failure to consider the argument will result in a "plain miscarriage of justice." United States v. Ninety Three Firearms, 330 F.3d 414, 424 (6th Cir. 2003); see Queensgate Assocs., LLC v. Regal Cinemas, Inc. 213 Fed. Appx. 369, 376 (6th Cir. 2006) (unpublished). In this case, Defendants never argued to the Bankruptcy Court that Plaintiffs' Motion for Summary Judgment should be denied because the Wayne county Circuit jury's finding that the Defendants did not benefit from Plaintiffs' loss precludes a finding of nondischargeability under 11 U.S.C. § 523(a)(2)(A). (See bankr. doc. 26). Furthermore, the failure to consider this argument for the first time on appeal will not result in a "plain miscarriage of justice." See Ninety Nine Firearms, 330 F.3d at 424. Accordingly, Defendants have not shown a palpable defect, and Defendants' Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

---

[1] Under 11 U.S.C. § 523(a)(2)(A), a debt is not dischargeable if it is for "money . . . obtained by . . . false pretenses, a false representation, or actual fraud[.]"

2

                            s/Marianne O. Battani  
                            MARIANNE O. BATTANI  
                            UNITED STATES DISTRICT JUDGE

DATED: July 15, 2010

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

                            s/Bernadette M. Thebolt  
                            Case Manager